Curia jper
Nott, J.
It does appear at first view to be somewhat harsh to make a Sheriff liable for the escape of a person over whom he had no control, except the Bond which he has taken for his continuing within the prison rules. But when we look to the object and the proviso ions of the act, the decisions of our Counts which have arisen under it, and the duties and privileges of Sheriffs, arising from the nature of their office, I do not see how We can come to any other conclusion.. The act expressly declares that the Sheriff shall be responsible for the solvency of the security which he shall take. He is made the sole judge of its competency, and therefore, is not obliged to accept of any with which he is not perfectly satisfied. It has been held that even though the surety were adequate when the Bond was executed, if he become ilisolvent afterwards, the Sheriff shall be liable.— 1st Dallas 349. Clarke vs. Moore, Const. Rep. Tread. 156.
The Bond is considered as an indemnity to the Sheriff and not to the party; City Council vs. Prince, 1 M’Cord *19 299. It lias also been held that tlie bond cannot be assigned; Peck vs. Glover, 1 Nott & M’Cord 582. The plaintiff therefore has no controul over it, and would be without redress, if he could not resort to the Sheriff. No injury can result to the Sheriff by this construction of the act; because if the security be good, he is indemnified, and it is his own fault if it is not. The Court in its discretion may stay the proceedings against him until he can recover against the party who is answerable to him. — . Besides, the Sheriff is permitted to make fresh pursuit, to retake the prisoner and put him immediately into close confinement. But the Plaintiff in the action cannot know that any security has been given. He may not even know that the Defendant has escaped, until long after it has happened. And even then not having a right to an assignment of the bond, he can have no remedy but against the Sheriff. The Plaintiff is not supposed to know the circumstances of the person who has become the surety. The Sheriff does not labor under that difficulty, because he is chosen by himself. The security of the Plaintiff depends upon his right to resort immediately to the Sheriff: and the policy of the law requires that we should give it that construction. The case of Clark and Moore is not well reported. It is represented as being an action against the Sheriff for not taking good security; but it was in fact an action for an escape, and the only question made was, whether the subsequent insolvency of the surety, which was good when the bond was taken, would exempt the Sheriff from liability: the Court held that it would not, and judgment was rendered for the Plaintiff. Allowing a person the benefit of the prison rules, is nothing more than an extension of the limits of the goal. All the liability attaches to the Sheriff, as if the prisoner was actually within the prison walls; and the bond which he is permitted to take, is only a substitute *20 for the security which the walls of the gaol previously afforded against an escape. The goal is in the eye of the law the house of the Sheriff; but in certain enumerated cases, he is required to let his prisoner go abroad within certain limits, and is permitted before he allows him such indulgence, to take ample security that his confidence shall not be abused. See Waln vs. Collingwood, 1 Wilson 262; Gilbert on Replevin 67, do. 177; Janson vs. Hilson, 10 John. R. 549; Barry & Harbrick vs. Mandell, Ib. 563.

Motion granted.